IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF T.C. | ) | No. 24-mj-01365-DLC |
| | ) | |

**GOVERNMENT'S RESPONSE TO DKT. 28**

The United States of America respectfully responds to the letter from counsel for T.C. regarding securing an appearance with foreign property (Dkt. 28), filed after the detention hearing.

A bond on T.C.'s father's property in Turkey will not minimize the risk of flight outlined by the government in its Motion for Detention (Dkt. 7) and at the June 20, 2024 detention hearing. T.C. has presented nothing to show the value of the property beyond his father's personal estimate, nor has he presented anything to show that no other liens or mortgages exist on the property or what equity remains in them. Indeed, according to T.C.'s counsel at the detention hearing, T.C.'s father's accounts have already been frozen.

Neither of the examples T.C.'s counsel cites in his letter involved extradition proceedings and the concomitant treaty obligations. *See* Dkt. 7 at 14-15 (describing inability of forfeiture of bond to compensate United States in fulfilling its obligations under an extradition treaty or country seeking extradition).

Nor did the defendants in those cases present the same flight risk concerns as T.C., who has already fled once. In contrast, both Edward Pennings and Roger Knox publicly cooperated with the government. *See, e.g.*, *United States v. Pennings*, No. 16-cr-10094-LTS, Dkt. 534 (defense sentencing memorandum describing substantial cooperation, which included testifying at trial of codefendant); *United States v. Knox*, No. 18-cr-10385-NMG, Dkt. 254 (government

sentencing memorandum describing substantial cooperation, including assistance in securing more than $9 million in forfeiture). With the agreement of the government, Pennings' appearance was further secured by electronic monitoring and $100,000 cash bond deposited with the court, in addition to the $2 million bond secured on his property in the United Kingdom. *See Pennings*, No. 16-cr-10094-LTS, Dkts. 53, 54, & 56. Knox was originally detained for more than 18 months, during which time he pleaded guilty. *See generally* No. 18-cr-10385-NMG. When the government later assented to his release pending sentencing, Knox's appearance was secured by electronic monitoring and a $750,000 bond secured by a surety's property in Lexington. *Id.* at Dkt. 115. It was only after he had been released for nearly 20 months without incident that the security for the bond was moved to his property in the United Kingdom—and after he had forfeited millions of dollars. *Id.* at Dkt. 157. In contrast, the Probation Office has indicated that electronic monitoring is not available for T.C., nor has he proposed to deposit any cash bond with the court or to secure a significant bond with property in the United States.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   */s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant U.S. Attorney

Date: June 25, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant U.S. Attorney